# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Omar Heredia-Nieblas,<br><br>               Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>               Plaintiff/Respondent. | No. CV-16-02615-PHX-SRB (BSB)<br>     CR-15-00522-PHX-SRB<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

On August 1, 2016, Defendant/Movant Heredia-Nieblas filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) This matter is before the Court because Plaintiff/Respondent, the United States of America (the government), has filed a motion to dismiss and a motion for extension of time to respond to Defendant's § 2255 motion. (Docs. 6 and 9.)[1] As set forth below, the Court recommends that the motion to dismiss be denied and grants the motion for extension of time.

**I.  Procedural Background**

On November 10, 2016, before responding to the § 2255 motion, the government filed a motion requesting the Court to order Defendant to execute a limited waiver of the attorney-client privilege to permit them to prepare a response to Defendant's claims of ineffective assistance of counsel. (Doc. 4.) On December 6, 2016, the Court granted the government's motion and ordered that within fourteen days of the date of that order

---

[1] Citations to "Doc." are to documents in CV-16-2615-PHX-SRB (BSB).

Defendant must either (1) sign and file the limited waiver of his attorney-client privilege related to his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, which was attached as Exhibit A to that order; or (2) file a notice of withdrawal of his claims of ineffective assistance of counsel. (Doc. 5.) The Court also ordered the government to file a response to the § 2255 motion within sixty days of the date of that order. (*Id.*)

Defendant did not timely comply with the December 6, 2016 Order. Therefore, on January 5, 2017, the government filed a motion to dismiss. (Doc. 6.) The Court ordered Defendant to file a response on or before January 19, 2017. (Doc. 7.) Defendant did not file a response to the motion to dismiss. Rather, on January 17, 2017, Defendant executed the waiver of his attorney-client privilege. (Doc. 8.) Because of the pending motion to dismiss, on January 27, 2017, the government moved for an extension of time to respond to the § 2255 motion. (Doc. 9.) The government also asserts that the Court should grant its motion to dismiss because Defendant failed to comply with Court orders. (*Id.*)

## II.  Motion to Dismiss

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir.2005) ("courts may dismiss under Rule 41(b) sua sponte . . . ."); *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir.1986) (same). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson*, 779 F.2d at 1423. Therefore, when determining whether to dismiss a claim for failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Id.*; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir .2002); *see also Oliva v. Sullivan*, 958

F.2d 272 (9th Cir. 1992).  The government's motion to dismiss does not address these factors.  (Doc. 6.)

Defendant did not timely comply with the Court's orders.  However, Defendant has now executed a waiver of his attorney-client privilege that should enable the government to respond to Defendant's claims of ineffective assistance of counsel. (Doc. 8.)  Defendant's compliance with the Court's December 6, 2016 Order is untimely and he did not explain that untimeliness.  However, Defendant is proceeding without counsel and it does not appear that the government will be prejudiced by Defendant's untimely execution of the waiver of his attorney-client privilege.  Considering Defendant's pro se status, the apparent lack of prejudice to the government, and the policy in favor of resolving cases on the merits, the Court recommends that the motion to dismiss be denied.

**III.   Motion for Extension of Time**

The government has also filed a motion for an extension of time to respond the § 2255 motion.  (Doc. 9.)  The government seeks an extension of forty-five days to respond to the motion, if the court denies its motion to dismiss.  (*Id.* at 2.)  The Court finds that an extension of time is warranted and extends the deadline for the government to respond to the § 2255 motion for forty-five days after the assigned District Judge rules on this report and recommendation.

Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss (Doc. 6) be **DENIED**.

**IT IS ORDERED** that the government's motion for extension of time (Doc. 9) is **GRANTED** and the deadline for the government to respond to Movant's § 2255 motion is extended for **forty-five days** after the assigned District Judge rules on this Report and Recommendation.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's

judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 30th day of January, 2017.

_____
Bridget S. Bade
United States Magistrate Judge